UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nasrin Sultana,<br><br>       Plaintiff,<br><br>-against-<br><br>NYC 121 Foods Inc, Bronx Prospect Foods Inc., and Srinivasa Rao Tummalapenta,<br><br>       Defendants. | 24-CV-6601 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  In a recent opinion, the Second Circuit held that "a plaintiff must adequately allege a concrete injury-in-fact resulting from the failure to provide…wage notices and wage statements to maintain a claim for statutory damages under New York Labor Law § 195." *Guthrie v. Rainbow Fencing Inc.*, No. 23-350, 2024 WL 3997427, at *1 (2d Cir. Aug. 30, 2024). Merely citing a "statutory violation" without "identify[ing] a concrete downstream harm" does not satisfy standing requirements. *Id.* at *7.

  Plaintiff alleges that Defendants failed to provide wage notices and statements required under New York Labor Law § 195. *See* ECF No. 1 ¶¶ 24, 25. Plaintiff seeks to recover for these alleged violations. *See id.* ¶¶ 52, 53. However, the Complaint does not assert that Plaintiff suffered a concrete injury resulting from Defendants' alleged failure to provide required wage notices and statements. Without allegations of a concrete injury-in-fact, Plaintiff has failed to establish that she has standing to litigate these claims.

  On or before September 17, 2024, Plaintiff must either amend the Complaint to allege standing for claims related to Defendants' provision of wage notices and statements or notify the Court that she is withdrawing the claims.

  SO ORDERED.

Dated: September 3, 2024
   New York, New York

                  ARUN SUBRAMANIAN
                  United States District Judge